**FILED**
11/10/2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Anthony Hill | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:10-cv-00897<br>) The Honorable Suzanne B. Conlon |
| Cook County, Thomas J. Dart, Willie Lewis, | ) JURY TRIAL DEMANDED |
| Robert Bonakowski, Nicholas Bohlsen , Michael | ) |
| Contreras, Brian Toro, James Holmes, Peter Chico | ) |
| Leon Marmal, Daniel Moreci, Crystal Spivey, | ) |
| Hugh Walsh, Clarence Lacy, John Does 1-20. | )<br>) |
| Defendants. | )<br>) |

## THIRD AMENDED COMPLAINT

### JURISDICTION & VENUE

1.      This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.  The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3).

2.      The Northern District of Illinois is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

### PLAINTIFF

3.      Plaintiff Anthony Hill is an adult now domiciled in the Centralia Correctional Facility in Centralia, Illinois.  Plaintiff was at the times mentioned herein a detainee in the custody of the Cook County Department of Corrections. At the times

mentioned herein the plaintiff was confined in Cook County Jail, at 2700 S. California Avenue, Chicago, Illinois.

## DEFENDANTS

4.      Defendant Cook County is a duly incorporated governmental entity in Illinois.  Cook County, through the Cook County Sheriff's Office, runs the Cook County Jail and has a legal responsibility to ensure that the jail is operated in compliance with the United States Constitution.  Cook County also runs the health service for detainees at Cook County Jail under the name "Cermak Health Services of Cook County."  Cook County is or was the employer of the individual defendants and is liable for any judgments related to its agents and employees arising in the course of their employment, pursuant to 745 ILCS 10/9-102, 55 ILCS 5/46-3 and 5-1106.

5.      Defendant Thomas J. Dart was the Sheriff of Cook County during these events.  At the times described herein he was legally responsible for the overall operation of the Cook County Jail including hiring, training, and supervising correctional officers and maintaining the safety of detainees.  Defendant Dart is being sued in his official capacity.

6.      Defendant Willie Lewis is a Correctional Officer of the Cook County Department of Corrections, who at all times mentioned in this complaint was assigned to Cook County Jail.

7.      Defendant Robert Bonakowski is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

8.     Defendant Matthew Cobble is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

9.     Defendant Nicholas Bohlsen is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

10.     Defendant Michael Contreras is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

11.     Defendant Brian Toro is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

12.     Defendant James Holmes is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

13.     Defendant Peter Chico is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

14.     Defendant Leon Marmal is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

15.    Defendant Daniel Moreci is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

16.    Defendant Crystal Spivey is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

17.    Defendant Hugh Walsh is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

18.    Defendant Clarence Lacy is a Correctional Medical Technician who at all times mentioned in this complaint worked at Cermak Health Services of Cook County.

19.    Defendant Does 1 through 20 were at all times relevant employees of Cook County, either at the Cook County Jail or at Cermak Health Services.  Does 1 through 10 were involved in incidents in which excessive force was used on plaintiff Hill. Does 11 through 20 were responsible for ensuring that adequate medical care was provided to plaintiff Hill. The names of Does 1 through 20 are not now known by plaintiff.

20.    The defendants named in paragraphs 6-19 are being sued individually.

21.    At all times mentioned in this complaint each and every defendant acted under the color of state law.


**FACTS**

**General**

4

22. The Cook County Jail is a facility operated by the Cook County Sheriff's Office, directed by the Cook County Sheriff, defendant Dart.

23. On information and belief, use of excessive force by Cook County Jail guards against detainees is widespread and has become an entrenched and accepted part of the culture of the Correctional Officers. Guards frequently administer beatings to detainees, not for any legitimate purpose, but simply to punish them or to retaliate for detainees' complaints. Inmates who get on the "wrong side" of guards may be subject to repeated beatings, many of which result in severe injuries.

24. On information and belief, the guards who administer these beatings are rarely disciplined for their conduct, or even investigated. It is common knowledge that Cook County Jail guards can use excessive force on detainees with impunity, counting on a "code of silence" to ensure that their misconduct never sees light of day.

25. On information and belief, denial of proper medical care by Cermak Health Services is also very common. In particular, there are no incentives for medical personnel at Cermak to treat inmates' injuries from excessive force promptly and adequately, or to document the injuries appropriately. Instead, Cermak employees often refuse treatment and falsify or omit documentation of medical care;

26. A Justice Department report has described the problems listed above regarding the *de facto* policies of Cook County Jail and its employees towards excessive force and medical care. *See* Letter from Patrick J. Fitzgerald, U.S. Att'y Gen., & Grace C. Becker, Assistant U.S. Att'y Gen., to Todd H. Stroger, Cook County Bd. President, & Thomas Dart, Cook County Sheriff (July 11, 2008) (*available at* http://www.justice.gov/usao/iln/pr/chicago/2008/pr0717_01a.pdf) (hereinafter referred to

5

as "U.S. Att'y Gen. Report of July 11, 2008").  The U.S. Att'y Gen Report of July 11,

2008 is hereby incorporated by reference in its entirety as if fully set forth herein.

**Facts Directly Involving the Plaintiff Anthony Hill**

27.     On November 3, 2009, Correctional Officer Lewis approached Hill after

the plaintiff looked at a group of Correctional Officers, thinking that his brother Gerard

Hill, who is employed at the Cook County Jail, was in the group.  Lewis was angry that

the plaintiff was looking at the Officers and slammed the plaintiff's face into the ground

and a wall.  Lewis then threatened the plaintiff with future physical violence.

28.     On November 5, 2009 at approximately between and 12:00 and 12:30 PM,

at least Correctional Officers Lewis and Bonakowski entered Hill's cell in the Ninth

Division of the Cook Country Jail.  The plaintiff was inside the cell and was lying in his

bed.

29.     Correctional Officers Lewis and Bonakowski pulled the plaintiff out of his

bed onto the floor of the cell and demanded that plaintiff stand up.  When Hill complied,

Correctional Officer Lewis struck the plaintiff in his right abdomen with sufficient force

to knock him to the ground.

30.     Correctional Officers Lewis and Bonakowski then drug the plaintiff out of

his cell and repeatedly punched and kicked him until he lost consciousness.

31.     Hill regained consciousness in handcuffs while facedown on the floor in

another room, where Correctional Officer Bonakowski and six John Doe Correctional

Officers were holding onto his arms, legs and torso.  One of the John Does had a knee

placed on the plaintiff's neck.  The Correctional Officers ignored Hill's repeated requests

to cease the use of physical force despite the fact that the plaintiff was complying with any and all orders.

32. The plaintiff then informed the officers that he had surgically implanted pins in his left leg and wrist. Immediately afterward, Officer Bonakowski twisted plaintiff's left leg in a manner that caused such significant trauma that plaintiff heard an audible "pop" and experienced severe pain. The Correctional Officers had also broken the plaintiff's nose in addition to causing significant trauma to the plaintiff's right abdomen and shoulder.

33. Hill could not walk at this point due to his serious injuries, and the Correctional Officers drug him through a hallway and down a set of stairs. Medical Technician Lacy saw the plaintiff in the lower level. Instead of addressing any of the plaintiff's obvious injuries, Lacy called Hill a profane slur and stated that guards should have killed the plaintiff.

34. The Correctional Officers then drug the plaintiff through an underground tunnel until reaching Cermak Health Services of Cook County, striking Hill in the back of the head en route. Plaintiff's hands and feet were restrained at this time and Hill was compliant with all orders given by the Correctional Officers.

35. Due to a shift change, Correctional Officers Bohlsen, Contreras, Toro, Chico, & Holmes then took over for the previous Officers. While waiting to see a bone specialist the plaintiff requested that the handcuffs and leg shackles, which were tight enough to cause numbness, be loosened. The five Officers began punching and kicking Hill after this request. A currently unidentified member of the Cermack medical staff

then told the Officers to "get him out of here." The Officers than removed the plaintiff

from the hospital before any doctor could see him or diagnose and treat his injuries.

36. At this point, the plaintiff could not walk due to his serious injuries. The

Correctional Officers initially drug the plaintiff back to the Cook County Jail and

ultimately had to place him on a cart for transport. Shortly after reaching the jail, Hill

was placed in solitary confinement.

37. The plaintiff suffered a variety of serious injuries from the incident. In

particular, the plaintiff suffered a broken nose, cracked ribs, a significantly damaged left

leg, and had severe pain in his head, left wrist, back and abdomen. Hill had blood in his

urine for weeks afterward. Hill continues to suffer from headaches related to the head

trauma over a year after the beatings. The plaintiff could not stand or walk beyond brief

periods due to the serious damage to his left leg. Hill also had difficulty breathing and

sleeping because the constant level of pain from these injuries.

38. The plaintiff informed numerous Correctional Officers about his severe

pain and suffering as well as his need for medical treatment, including at least

Correctional Officers Marmal, Morcei, and Spivey. These requests were ignored.

Requests for a cane to help the plaintiff stand and walk with his injured left leg were also

ignored.

39. On November 14, the plaintiff informed Correctional Officer Marmal of

his need for medial attention. Hill explicitly described his inability to walk properly due

to the serious injury to his left leg. This request was ignored.

40. On November 19, Correctional Officer Moreci ignored further requests for

medical attention.

8

41.     On November 29, the plaintiff informed Correctional Officer Spivey of his need for medical care.  Plaintiff described his difficulties walking, the continuing pain in his ribs and nose and informed Spivey that he still had blood in his urine.  The request for medical care was ignored.

42.     The plaintiff was finally allowed to meet with a doctor over a month after the beatings.  More than two months after the incident the plaintiff was moved to a medical unit to undergo physical therapy ordered by the doctor to help repair the damage to his left leg.  The plaintiff only received one day of physical therapy before his transfer to Centralia Correctional Facility.

43.     On January 13, 2010, Correctional Officers Walsh and Lewis entered the medical unit the plaintiff was staying in.  Officer Walsh spit in the plaintiff's face, pushed him against the wall and punched him in the abdomen, causing the plaintiff to fall to the floor.  One of the Officers then said "let's try out our new toy" and took out some sort of blunt instrument.

## EXHAUSTION OF LEGAL REMEDIES

44.     Plaintiff Anthony Hill used the grievance procedure available at Cook County Jail to try to address these problems. On November 8, 2009; November 20, 2009; December 2, 2009; and January 1, 2010 plaintiff Anthony Hill presented facts relating to this complaint.  *See* Exhibit A ("Grievance Filed on 11-8-09"); Exhibit B ("Grievances Filed on 11-20-09 & 12-2-09"); and Exhibit C ("Grievance Filed on 1-1-10").  The filed grievances are hereby incorporated by reference in their entirety as if fully set forth herein. On December 10, 2009, plaintiff appealed the lack of response to his previously filed grievances.

9

## LEGAL CLAIMS

### COUNT I

#### Section 1983 Claim for Excessive Use of Force

45.     Plaintiffs realleges and incorporates by reference paragraphs 1 – 44.

46.     Defendants Lewis, Bonakowski, Cobble, Bohlsen, Contreras, Toro, Holmes, Chico, Walsh, and Does 1-10 have used force against plaintiff Hill that was not in a good faith effort to maintain or restore discipline. The force used was a willful, excessive, unnecessary and wanton infliction of physical harm. Their conduct violated plaintiff's rights under the Eighth and/or Fourteenth Amendments.

47.     Defendants' conduct was willful, wanton, malicious and in reckless disregard of plaintiff Hill's rights.

48.     Hill has exhausted his administrative remedies regarding the incidents described herein for which he seeks damages.

49.     Hill has been seriously injured by defendants' use of excessive force and the custom, policy and practice of defendants Cook County and Dart of condoning or encouraging the use of excessive force.

### COUNT II

#### Section 1983 Claim for Inadequate Access To Medical Care

50.     Plaintiff realleges and incorporates by reference paragraphs 1-49.

51.     Defendants Moreci, Spivey, Lacy, Marmal and Does 11-20 have deprived Hill of access to adequate medical care in violation of his Eighth and/or Fourteenth Amendment rights.

10

52.     The defendants have displayed a deliberate indifference towards the serious medical needs of the Hill and failed to act in a manner that would have prevented additional pain and injury, proximately causing him to suffer damages.

53.     Hill has exhausted his administrative remedies.

54.     Defendants' conduct was willful, wanton, malicious and in reckless disregard of plaintiff Hills's rights.

55.     Hill has suffered pain and injuries that were a direct and proximate result of the defendants conduct.

## COUNT III

### Assault

56.     Plaintiff realleges and incorporates by reference paragraphs 1-54.

57.     In acting in the manner described above, defendants Lewis, Bonakowski, Bohlsen, Contreras, Toro, Holmes, Chico, Walsh, and Does 1-10 intentionally and unlawfully offered to commit corporal injury on the plaintiff by force, or force unlawfully directed, under such circumstances as to create a well- founded fear of imminent peril.

58.     The defendants had the apparent present ability to effectuate the attempt if not prevented.

59.     By the foregoing acts, the defendants assaulted plaintiff Hill.

60.     The defendants' conduct was willful, wanton, malicious and in reckless disregard of the plaintiff's rights.

61.     The plaintiff has been injured by the defendants' conduct.

## COUNT IV

### Battery

11

62.     Plaintiff realleges and incorporates by reference paragraphs 1-60.

63.     In acting in the manner described above, defendants Lewis, Bonakowski, Bohlsen, Contreras, Toro, Holmes, Chico, Walsh, and Does 1-10 willfully touched the plaintiff without his consent.

64.     By the foregoing acts, the defendants battered the plaintiff.

65.     The defendants' conduct was willful, wanton, malicious and in reckless disregard of the plaintiff's rights.

66.     The plaintiff has been injured by the defendants' conduct.

## COUNT V

### Intentional Infliction of Emotional Distress

67.     Plaintiff realleges and incorporates by reference paragraphs 1-65.

68.     Defendants Lewis, Bonakowski, Bohlsen, Contreras, Toro, Holmes, Chico, Walsh, and Does 1-10 used malicious and excessive force against the plaintiff without adequate justification, harassed him, threatened him, denied him adequate medical attention, and deliberately caused him to fear for his physical safety and well-being.

69.     The conduct of the defendants was extreme and outrageous. The defendants either intended to inflict emotional distress on plaintiff when engaging in this conduct, or knew that there was a high probability that their conduct would cause emotional distress.

70.     The defendants' conduct caused the plaintiff to suffer severe emotional distress that no reasonable person could be expected to endure. As a result, the plaintiff has been injured.

12

71.     The defendants' conduct was willful, wanton, malicious and in reckless disregard of the plaintiff's rights.

## COUNT VI

**Section 1983 *Monell* Claim Against Cook County & Dart for Failure to Properly Instruct, Supervise, Prevent the Use of Excessive Force and Provide Adequate Health Care**

72.     Plaintiff realleges and incorporates by reference paragraphs 1-70.

73.     The use of excessive force was also a result of the Dart's and Cook County's systematic failure to train, monitor, supervise, investigate and discipline Cook County Jail personnel, inadequate policies, and systematic failure to enforce those policies.

74.     The persistent and widespread use of excessive force by Cook County Jail personnel constitutes a custom and practice, of which defendants Cook County and Dart have actual and constructive notice.

75.     Defendants Cook County and Dart have been deliberately indifferent in failing to remedy the problem. Through their indifference and failure to act, Cook County and Sheriff's Office policymakers and officials have condoned and encouraged the continued use of excessive levels of force in the Cook County Jail.

76.     On information and belief, the defendants have a custom, policy, or practice, of failing to provide adequate medical care to detainees at the Cook County Jail, including the plaintiff.  Defendants Cook County and Dart, on information and belief, have actual and constructive notice of this custom, policy, or practice, and have been deliberately indifferent in failing to remedy the problem.

77.     Cook County and Sheriff Dart officially sanctioned, approved or authorized the unconstitutional policies instituted by the Cook County Jail and Cermak Health Services, and were deliberately indifferent to the medical needs of inmates and detainees.

78.     Cook County and Sheriff Dart, through various Officers and employees, and by way of their respective policies, practices, and customs, have exhibited deliberate indifference toward the needs of detainees and inmates by failing to facilitate necessary medical treatment; said defendants have failed to supervise, train and hold accountable their respective agents and employees and act consistent with policies and procedures.

79.     At all times relevant herein, Cook County and Sheriff Dart knew that their officers and employees failed to follow policies and procedures, including medical guidelines and procedures designed to protect injured detainees, and used unreasonable and unjustified force against detainees by deliberately refusing to provide medical attention, and condoned that practice.

80.     The actions of the Cook County and Sheriff Dart, as alleged above, were done pursuant to one or more interrelated *de facto* policies, practices and/or customs of Cook County and Sheriff Dart.

81.     At all times material to this complaint, Cook County and Sheriff Dart, and their respective officers, agents, and deputies, and pursuant to its policies and practices, had interrelated *de facto* policies, practices, and customs which included, *inter alia*:

a.      failing to thoroughly investigate claims of excessive force and rarely punishing the guards responsible;

b.      failing to remove officers from assignments in which they come in contact with detainees while they are being investigated for serious charges such as the use of excessive force;

c.      a code of silence wherein officers, deputies, agents, and employees fail to intervene and remain silent, idly standing by and ensuring that use of such excessive force continues;

d.      failing to provide protection or incentives for employees who are witnesses to excessive force to cooperate with investigations by telling the truth about what they saw or to report instances of excessive force they learn about, and instead providing incentives for covering up excessive force;

e.      failing to provide reasonable, timely medical attention to detainees and inmates, and those jailed and/or accused;

f.      failing to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control personnel such that they could identify detainee/inmate medical needs and act appropriately and humanely;

g.      a code of silence wherein officers, deputies, agents, and employees fail to intervene and remain silent, idly standing by and ensuring that such deliberate indifference to the medical needs of detainees and inmates continues.

82.      Cook County and Sheriff Dart had a widespread practice or custom of denial and/or inordinate delay in providing medical treatment to inmates and pretrial detainees, which herein caused proximate harm to Hill.

83.      Defendants were deliberately indifferent to detainees with serious medical needs such as Hill.

15

84.     Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference, and were separately and together a direct and proximate cause of the unconstitutional acts and the injuries suffered by Hill.

## COUNT VII

### Statutory Indemnification (Against Cook County)

85.     Plaintiff realleges and incorporates by reference paragraphs 1-83.

86.     Pursuant to 745 ILCS 10/9-102 and 55 ILCS 5/46-3 and 5-1106, defendant Cook County is empowered and directed to pay any tort judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as defendant Dart or his deputies acting within the scope of their employment, is found liable.

87.     Defendant Cook County is liable for any judgment entered against any of the currently named or unnamed defendants that are employees at the Cook County Jail or Cermak Health Services for compensatory damages and for the associated attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

A.      Compensatory damages against each defendant in an amount to be determined by the plaintiff for his individual injuries, jointly and severally against the defendants.

B.      Punitive damages in an amount to be determined by the plaintiff, jointly

and severally against the defendants.

C.      A jury trial on all issues triable by jury.

D.      Plaintiff's costs and reasonable attorney's fees in this suit.

E.      Any additional relief this court deems just, proper, and equitable.


Dated: November 4, 2011                    Respectfully submitted,

                                           /s/ Sean J. Jungels
                                           Binal J. Patel, Esq.
                                           Sean J. Jungels, Esq.
                                           BANNER & WITCOFF, LTD.
                                           Ten South Wacker Drive, Suite 3000
                                           Chicago, Illinois 60606
                                           Phone: (312) 463-5000
                                           Fax: (312) 463-5001
                                           E-mail: bpatel@bannerwitcoff.com
                                            sjungels@bannerwitcoff.com

                                           *Attorneys for Anthony Hill*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Anthony Hill | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:10-cv-00897 |
| v. | ) | The Honorable Suzanne B. Conlon |
| | ) | |
| Cook County, Thomas J. Dart, Willie Lewis, | ) | JURY TRIAL DEMANDED |
| Robert Bonakowski, Nicholas Bohlsen , Michael | ) | |
| Contreras, Brian Toro, James Holmes, Peter Chico | ) | |
| Leon Marmal, Daniel Moreci, Crystal Spivey, | ) | |
| Hugh Walsh, Clarence Lacy, John Does 1-20. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**INDEX OF EXHIBITS TO THIRD AMENDED COMPLAINT**

**EXHIBIT NO.**          **DESCRIPTION**

A                    Grievance Filed on 11-8-09

B                    Grievances Filed on 11-20-09 & 12-2-09

C                    Grievance Filed on 1-1-10

# Exhibit A

Part-A / Control #: _____ X _____

Referred To:_____

☐ Processed as a request.

## COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: **HILL**          First Name: **Anthony**

ID #: 2009-0057009  Div.: 9  Living Unit: 2f  Date: 11/18/09

BRIEF SUMMARY OF THE COMPLAINT: I was unlawfully draged
and pull out of The cell and was Beaten up
By Three ERT AT 12:30pm They Stomped, punch and
Broke my Graft in my left Knee where the pins will stick
out and I got a Gasmark and only got Two X Rays and
was again Beaten up By five ERT, Officers Chica, Contreras
Toro, Boltonin Holmes Stabbed me so tight I couldn't
Feel any thing They Slam me To The Floor Kneed me in
The Back HOg'd Cuff and I didn't get ro medical at
And Put me in cindelfor no Reason and I Keep
complaining of the Pain and I can't Stand or walk w thou
Siting down and Have Bad Chest and Back RIB and nose cracked
and Knot on my Head

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
mark Stevenson He was my CELLmaTe

ACTION THAT YOU ARE REQUESTING:
TO Be able To get Surgrey and TO Be compensed for my Injuries

## DETAINEE SIGNATURE: Anthony Hill

C.R.W.'S SIGNATURE:_____  DATE C.R.W. RECEIVED: _____/_____/_____

_Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.
All appeals must be made in writing and directly submitted to the Superintendent._

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

# Exhibit B

Part-A / Control #: _____X_____

Referred To: _____

☐ Processed as a request.

## COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: **HiLL**      First Name: **ANthony**

ID #: **2009-0057009**   Div.: **9**   Living Unit: **2H**   Date: **12/ 2/ 09**

BRIEF SUMMARY OF THE COMPLAINT: *I have ASK every C/O That work This unit I cant hardly walk and Have Chest, Back, and Nose pain and need ToGeT help and They Don't care about me or The injuries That came upon me Once I was Beaten By ERT Nov5,09 and I was So call To 12/1/09 To sick call and I complain To Supervisor marice and had No Concorren about none of my Health Issure's I am cant Stand for no Long period and cant sleep Because of the pain I am in Daily This is cruel and upjust punishment*

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
*ELias martinez # 20090051593 C/o Spivey C/o hall Sgt Ross Nurse Staff Cemack*

ACTION THAT YOU ARE REQUESTING:
*To Be Tallen To An Outside Hospital For A MRI and Knee and Nose Repair*

## DETAINEE SIGNATURE: *Anthony Hill*

C.R.W.'S SIGNATURE: _____   DATE C.R.W. RECEIVED: ____/____/____

**Please note:** Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

9032

Div ~~?????~~
10 4A

Part-A / Control #: 2009 X 2474

Referred To: Supt Div 9

☐ Processed as a request.

# COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: **HiLL**   First Name: **Anthony**

ID #: **2009-0057009**  Div.: **9**  Living Unit: **2F**  Date: **11/20/09**

BRIEF SUMMARY OF THE COMPLAINT: I have Told sgt marrow Supt
he Just walked Away marice SgT Nalph SgT Ross That I need serious medical
Attention Because I was Badly Beaten By E.R.T Nov 5 09
in Div 9 2H cell 206 At around 12:15 pm where I was drag out
and punch knee and Slam to The Concert Floor For no Reason
and They Twist my Left Knee and my pins in my Knee Poped out
cracked my nose my LeFT Wrist with has a pin and I cant But affut
and have Head Trama with Knots on Top and Behind Left ear
have Head acehs daily and cant Stand on my Leg for not long
period of Time Also my Collar Bone LeFT Side and have very
Bad pain in my Kidney Area and Ribs in so much Pain and They
Keep Blowing me off with no Care That I am a Human Being   Diog
my cell mate Edgar Perkins 2006003076 All nurses mark Stevenson 24

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING:   Surgery To Repair my Knee and All medica
That is needed

**DETAINEE SIGNATURE:** Anthony Hill

C.R.W.'S SIGNATURE: ✓ Butler   DATE C.R.W. RECEIVED: 12/01/09

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.*
*All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

**Exhibit C**

Part-A / Control #: _2010 X 0183_

Referred To: _Supt ERT_

☐ Processed as a request.

---

# COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: _Hill_          First Name: _Anthony_

ID #: _2009-0057009_  Div.: _10_  Living Unit: _4A_  Date: _1 / 1 / 10_

BRIEF SUMMARY OF THE COMPLAINT: _I was Beaten very Bad By ERT R/O Lewis #9007 and R/O Along They punch and Kicked Draged me out of the cell 2060 Div 9 at NOV5, 2009 At 12:21PM and Broken my Left Leg with Pins in their, Broken my nose and STill have Pain in my Kidneys and some Blood in my urine and Pain in my head Have Knots and Lumps have Headaches every Day Promble seeing and ___ Face was Slam ___ ___ my nose and ___ ___ Side and Have not Seen given proper medical and need to get a cane to Help me walk ___ ___ ___ ___ ___ Cermack Hosp. Just Threw me out of there without seeing Radiology ___ and was Beat Again By Bolten, Chico, Toroas, Conterea, and Holmes ____

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: _Div9 2/1 They all Seen How they Beat me_

ACTION THAT YOU ARE REQUESTING: _To get An MRI and to press Charges Against those ERT Office's_

### DETAINEE SIGNATURE: _Anthony Hill_

C.R.W.'S SIGNATURE: _See Work Dem_          DATE C.R.W. RECEIVED: _1 / 9 / 10_

---

**Please note:** *Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)  (YELLOW COPY – C.R.W.)  (PINK COPY – DETAINEE)  (GOLDENROD COPY – DIVISION/SUPT. OFFICE)